## THE WESTERN WAVE.

### THE TEXAN.

#### No. 24.

District Court, S. D. Texas, Corpus Christi Division.

Jan. 18, 1933.

I. W. Keys, of Corpus Christi, Tex., for libelant.

Montgomery & Montgomery and Harry F. Stiles, Jr., all of New Orleans, La., for respondent.

ATWELL, District Judge.

Libelant sues on an account arising from the furnishing of fuel oil to the steamship Western Wave.

The facts are that the ship was chartered as a bare boat, and the charter party sought to save the owner from any liability for such supplies. Notices of such immunity were posted conspicuously in four different parts of the ship, and the charter party was aboard.

The ship sailed out of New Orleans. When it docked at Corpus Christi the oil was run into it from a shore tank. The master and chief engineer signed receipts upon blanks furnished by libelant.

Apparently there was no effort upon the part of the libelant to discover anything as to the operator of the ship. It forwarded the bills for the fuel oil to the New Orleans office of the charterer and received, from time to time, checks for such supplies.

In the Samuel Marshall decision in (D. C.) 49 F. 754, affirmed (C. C. A.) 54 F. 396, it was held that when the circumstances discover to the seller that the owner of a vessel is not the party for whose interest supplies are furnished and would not therefore be at fault if they were not paid for, it would be inequitable that the seller should have the right to give credit to the charterer and assert a lien therefor against the owner's property. See, also, Morse Drydock & Repair Co. v. The Northern Star, 271 U. S. 552, 46 S. Ct. 589, 70 L. Ed. 1082.

A charterer becomes the owner pro hac vice when such a charterer has full control of the vessel and has the right to and does employ and discharge her officers and men and has the obligation of paying all of her running expenses.

Subsection R of section 30, Act June 5, 1920, p. 1005, Vol. 41, Stat. at Large (46 USCA § 973), provides: " * * * But nothing in this chapter shall be construed to confer a lien when the furnisher knew, or by exercise of reasonable diligence could have ascertained, that because of the terms of a charter party, * * * the person ordering the repairs, supplies, or other necessaries was without authority to bind the vessel therefor."

It seems to me that libelant was not reasonably diligent. Every precaution and publication was taken to advise sellers and dealers that the operator was not the owner, and that the owner was not liable for what the operator might buy. Even a casual inspection or inquiry would have given this information to libelant.

A decree may be settled against libelant, and also against the cross-libel.